PER CURIAM:
Claimants brought this action for damage to their 1995 Mercury Tracer which occurred when the vehicle struck a large hole on Route 19 in Bellevue, Marion County. This portion of Route 19 is maintained by the respondent in Marion County. The Court is of the opinion to make an award in this claim for the reasons stated more fully below.
The incident giving rise to this claim occurred on February 17, 2001 at approximately 3:00 p.m. The claimants were traveling on Route 19, also referred to as Pennsylvania Avenue, at approximately twenty-five miles per hour. As they approached an area that was under construction in Bellevue just outside of Fairmont, their vehicle struck a large hole in the travel portion of the road. Mr. Darden testified that he heard a loud bang and quickly realized that the front passenger side tire was flat. The impact also damaged the right front wheel, the right rear tire, and both struts. Claimants submitted a repair bill in the amount of $284.84. Claimants did not have insurance coverage to cover any portion of these damages.
Claimants assert that respondent failed properly to maintain this portion of Route 19 in Bellevue and that it failed to provide any warning to the traveling public that the road was under construction. Mr. Darden testified that the ro ad appeared to have been under construction but no one was working on the road on the date of the incident due to the fact that it was a Saturday. He stated that there were no warning signs or devices before entering the area where the hole was located. He testified that the hole that the vehicle struck was approximately four to five inches deep. He also described his lane of travel as having a lot of gravel and blacktop pieces along with many holes. Claimants presented photographs depicting numerous holes in the area.
Respondent’s position is that it did not fail properly to maintain this portion of road and that if there were any hazards at the location of this incident, it was the fault of the third party contractor. George Steorts, respondent’s County Superintendent for Marion County, testified that he is responsible for the supervision of road maintenance in Marion County and this portion of Route 19 at issue falls within his responsibility. Mr. Steorts testified that the City of Fairmont had contracted with Green River Group, a private engineering firm and construction group for water line improvements, and that the portion of Route 7 at issue was under construction. Mr. Steorts testified that Route 19 had an open ditch cut which was overlaid partially with concrete and asphalt. He stated that the asphalt apparently was used because the contractor intended to open the ditch again at some point during the construction project. According to Mr. Sterots, the travel portion of the road was asphalt which was intended to be a temporary patch; that the holes in the road developed after the contractor had cut the road and dug the ditch; that these holes were not present prior to the contractor’s work; and that respondent did not have any involvement with the contractor other than the issuance of a permit for the construction work. Respondent also introduced into evidence the bond that was put up by the contractor to the respondent in the amount of $75,000.00. However, Mr. Sterots testified that he was sure that respondent had an inspector overseeing the *61 contractor’s job, but he was not sure who that individual was. Mr. Sterots testified that respondent normally oversees such projects as this one, but the incident herein took place on a Saturday, a day on which respondent probably did not have any employees present.
To hold respondent liable for damages caused by road defects of this type, the claimant must prove by a preponderance of the evidence that the respondent had actual or constructive notice of the defect. Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985); Davis Auto Parts v. Department of Highways, 12 Ct. Cl. 31(1977). Although the respondent was not directly involved with the actual construction project, it apparently had an inspector present. Given the severity of the holes, it is evident that these had been allowed to develop over a period of time. Respondent’s inspector knew or should have known that these holes were present and that these holes presented a hazard to the traveling public. Respondent could have placed a warning device to warn drivers of the hazard or placed barrels over the holes. One of the purposes for the respondent’s inspectors to be present at a construction site is to ensure the safety of the traveling public. Respondent’s failure to do so in this claim was the proximate cause of the claimants’ damages.
Accordingly, the Court is of the opinion to and does make an award in the amount of $284.84.
Award of $284.84.